BELL's Lessee *v.* LEVERS. (*a*)

*Shifted warrant.—Evidence.—Fraud.—Laches.*

A warrant that loses its descriptive location, by a prior warrant, may be laid on any vacant land.
A survey made on a shifted warrant, only confers title from its return.
The letter of a deputy-surveyor to his assistant, directing him to make a survey, is *primâ facie* evidence.
No person can derive title under a location, that claims under one who connived with a public officer in the commission of a fraud.
What is such lapse of time, as amounts to the dereliction of an inceptive right, by application.

EJECTMENT for land in Northampton county.　The charge contained the following points :

BY THE COURT.—1st.　A warrant, which loses its descriptive location, by a prior warrant, may be laid on any vacant land.　It has been the uniform practice of the surveyors so to do ; and the practice has long received the sanction of the land-office.

2d.　A deputy-surveyor gave an order to his assistant, to execute a survey ; and before it was actually executed, he died ; but it was alleged, that neither the assistant, nor the party, knew of his death, until after the execution of the survey.　The truth of the allegation should be examined ; but in an old transaction, if the title depends upon it, the examination should not be very strict ; and every doubt should operate in favor of the validity of the survey.

3d.　This is the case of a lost application ; and in cases of this kind, above all others, there must be due diligence employed, to designate and effectuate the claim : for if the survey is made in a place different from that designated in the application, the land-office can have no notice of the fact, until a return is made ; and it would be hard, that a subsequent purchaser, without notice, and without the means of obtaining notice, when he purchases, should be affected by the claim.

4th.　In the case of a warrant, neither the negligence, nor the fraud, of the public officer, shall work an injury to the party.　But if the party assists in committing the fraud, not only the party himself, but every person claiming under him, or deriving title directly through him, shall be debarred from taking advantage of the transaction.

5th.　If an application, made and entered in August 1765, is not acted upon until 1773 ; and a *caveat*, entered in 1775, is the first notice of a survey, the lapse of time amounts to a dereliction of the inceptive right, as the courts of Pennsylvania have often decided. (*b*)

---

(*a*) s. c. 3 Yeates 23.

(*b*) This cause was tried in the circuit court, Northampton county, before SHIPPEN, C. J., and YEATES, J.